UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| PIONEER NATURAL RESOURCES USA, INC., § § PLAINTIFF. § § vs. § § RANDALL SCOTT HOUSTON, § KORTNIE DICKERSON, INDIVIDUALLY AND AS § ATTORNEY IN FACT FOR RANDALL SCOTT § HOUSTON, BRANDON HOUSTON, AND § RRIG ENERGY, LLC § § DEFENDANTS. § | CIVIL ACTION NO. 6:22-CV-12 |

## DEFENDANT RRIG ENERGY, LLC'S ANSWER

Defendant RRIG Energy, LLC ("RRIG" or "Defendant") answers the Complaint filed by Plaintiff Pioneer Natural Resources USA, Inc. ("Pioneer") against RRIG, Randall Scott Houston ("Houston), Kortnie Dickerson ("Dickerson"), and Brandon Houston.

## CONDITIONAL ACCEPTANCE OF INTERPLEADER

1. If Pioneer unconditionally tenders to the Court any and all proceeds from the sales of oil and gas attributable to Houston's mineral interests in the state of Texas operated by Pioneer ("Disputed Interest") that Pioneer currently holds and agrees to continue to tender on a monthly basis as oil and gas is produced and sold from any well located on the Disputed Interest ("Interpleader Funds"), then RRIG accepts the interpleader. Once the Interpleader Funds on hand are unconditionally deposited with the Court and Pioneer assures the deposit of future payments on a monthly basis, RRIG would agree to a judgment discharging Pioneer from this lawsuit and setting the issue for contest between RRIG, Houston, Dickerson, and Brandon Houston.

## DEFENSES

2.  RRIG reserves the right to raise defenses as may be discovered during the course of these proceedings.

## SPECIFIC ADMISSIONS AND DENIALS

Subject to and without waiver of any of the foregoing, RRIG answers the allegations in the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

3.  Defendant lacks sufficient information to admit or deny paragraph 1, and so Defendant denies paragraph 1.

4.  Defendant lacks sufficient information to admit or deny paragraph 2, and so Defendant denies paragraph 2.

5.  Defendant lacks sufficient information to admit or deny paragraph 3, and so Defendant denies paragraph 3.

6.  Defendant lacks sufficient information to admit or deny paragraph 4, and so Defendant denies paragraph 4.

7.  Defendant admits paragraph 5.

8.  Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits paragraph 6.

9.  Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits paragraph 7.

10. Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits paragraph 8.

**FACTUAL BACKGROUND**

11.     Defendant admits that the interests subject to the interpleader are primarily located in Glasscock County, Texas. Defendant denies all competing claims to the interests other than its own, and thus denies the rest of paragraph 9.

12.     Defendant admits paragraph 10.

13.     Defendant admits that Houston owns mineral interests in various wells that Plaintiff operates. Defendant denies paragraph 11 insofar as it implies that Houston does not presently own mineral interests in various wells that Plaintiff operates.

14.     Defendant admits that in December 2020, Houston, acting through his agent and attorney-in-fact Dickerson entered into a Purchase and Sale Agreement ("PSA"), which mandated Houston to sell a portion of Houston's mineral and royalty interests that Plaintiff operates to RRIG. Defendant denies the rest of paragraph 12.

15.     Defendant admits paragraph 13.

16.     Defendant lacks sufficient information to admit or deny paragraph 14, and so Defendant denies paragraph 14.

17.     On information and belief, Defendant admits paragraph 15.

18.     Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies paragraph 16.

**COUNT I**
**INTERPLEADER**

19.     The preamble to Count I is introductory and conclusory, and therefore requires no response. To the extent that a response is required, Defendant denies the introduction to Count I.

20.     Defendant denies all claims concerning the royalty interests involved except its own claims and thus denies the validity of competing claims referenced in paragraph 17. Defendant

lacks sufficient information to admit or deny the rest of paragraph 17, and so Defendant denies the rest of paragraph 17.

21. Paragraph 18 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies paragraph 18.

## PRAYER FOR RELIEF

22. The prayer for relief contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the prayer for relief, subject to Defendant's conditional acceptance of the interpleader.

## RRIG'S REQUEST FOR RELIEF

RRIG requests that Interpleader-Plaintiff Pioneer be discharged from this lawsuit after it has unconditionally deposited the Interpleader Funds at issue into the Court's registry, and that RRIG be awarded a judgment against all adverse claimants that it has a valid claim to 50% of Houston's Pioneer-operated mineral interests in Texas, and that RRIG have other relief, at law or in equity, to which it may be entitled.

Dated: May 16, 2022							Respectfully Submitted,

							*/s/ Robert C. Vartabedian*
							Robert C. Vartabedian
							State Bar No. 24053534
							rob.vartabedian@alston.com
							Conrad D. Hester
							State Bar No. 24066562
							conrad.hester@alston.com
							Meaghan D. Nowell
							State Bar No. 24102288
							meaghan.nowell@alston.com
							Bank of America Tower
							301 Commerce Street, Suite 3635
							Fort Worth, Texas 76102
							Tel.: (682) 354-2000
							Fax: (682) 354-2299

							**Attorneys for Defendant**
							**RRIG Energy, LLC**


## CERTIFICATE OF SERVICE

	The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's electronic filing system on this 16th day of May, 2022.

							*/s/ Robert C. Vartabedian*
							Robert C. Vartabedian

**Defendant RRIG Energy, LLC's Answer – Page 5**
LEGAL02/41665410v2